```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ENRICO DORLUS,                    )
            Petitioner,           )
                                  )
       v.                         )   C.A. No.  04-10970-MEL
                                  )
UNITED STATES,                    )
            Respondent.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, the petitioner is directed to demonstrate good cause why this action should not be dismissed.

BACKGROUND

On May 14, 2004, petitioner Enrico Dorlus, an immigration detainee now detained at the Plymouth County Correctional Facility, filed a one-page pleading entitled "Defendant's Request for Voluntary Departure" accompanied by an Affidavit of Indigency.  See Docket.  As an initial matter, the Court notes that petitioner failed to sign and date each pleading.

Petitioner's Affidavit of Indigency seeks to have this Court waive the filing fee payment for this action and makes reference to M.G.L. ch. 261, the Massachusetts state statute for requesting waiver of fees or costs due to indigency.  See Affidavit of Indigency, Docket No. 1.  Attached to the two-page affidavit of indigency is a two-page, unsigned, pleading alleging that petitioner is a detainee currently confined to the Plymouth County Correctional Facility and referencing 28

U.S.C. § 2241.  <u>Id.</u>  This pleading is not a habeas petition, appearing as a draft order, and listing Joseph McDonough and Steven Farquharson as respondents.  <u>Id.</u>

Petitioner's one-page request for voluntary departure consists of one-paragraph as follows:

> Now comes the defendant, pro se, and respectfully greives (sic) this Honorable Court Under 8 U.S.C. §§ 1252(b) and 1254(e)(1) be granted by the INS District Director. Whereas Defendant's (sic) need in medical attention is needed, and cannot received (sic) proper medical treatment[,] Defendant wishes to leave and return to his own County Voluntary.

<u>See</u> Request for Voluntary Departure, Docket No. 2.

A Clerk of this Court contacted the Department of Homeland Security to confirm petitioner's custody status and was informed that (1) petitioner is detained at the Plymouth County Correctional Facility; (2) petitioner is a native and citizen of Haiti; and (3) an Immigration Judge in Boston ordered petitioner's removal on March 29, 2004.

<u>DISCUSSION</u>

I.   The Court Will Construe the Pleading As a
     <u>Petition for Habeas Corpus Under Section 2241</u>

Petitioner's Request for Voluntary Departures seeks release and invokes 8 U.S.C. §§ 1252(b), 1254(e)(1).  <u>See</u> Docket No. 2.  Although this pleading does not reference the federal habeas statute, page 3 of the Affidavit of Indigency does reference 28 U.S.C. § 2241.

2

Petitioner seeks release explaining that he needs medical attention and cannot receive medical treatment. It is a well-settled general principle that a habeas petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, whereas a civil rights claim is the proper means to challenge the "conditions" of one's confinement. See Kamara v. Farquharson, 2 F. Supp. 2d 81, 89 (D. Mass 1998) (citations omitted). To the extent petitioner seeks to assert a civil rights claim concerning his medical care while detained at the Plymouth County Correctional Facility, such a claim may be brought in a civil rights complaint, but not through a habeas action.

Here, because petitioner seeks release,, the Court will consider this case only as a petition for writ of habeas corpus. See Rasul v. Bush, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (construing mixed pleadings as Section 2241 habeas petitions). The construction of this action as a habeas action under Section 2241 is without prejudice to any future attempt by petitioner to file a civil complaint concerning his medical care.

## II. Filing Fee

A party filing a petition for a writ of habeas corpus in this Court must either (1) pay the $5 filing fee for habeas

actions or (2) file an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee.  Although petitioner filed a handwritten "Affidavit of Indigency," he has not submitted the $5 filing fee or an application to proceed without prepayment of the filing fee.  Therefore, he will be granted additional time to do so.

   III.   The Court May Screen The Petition

   Although the Court will construe this action under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

   Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S.

849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

A.  Analysis

(i)  Form of Habeas Petition

Under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must specify all grounds of relief that are available to the petitioner and set forth in summary form the facts supporting each ground of relief. Rule 2(c). The petition must also state the relief requested and be signed under the penalty of perjury. Id.

Moreover, Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . if the party is not represented by an attorney, shall be signed by the party." See Fed. R. Civ. P. Rule 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this

court.").

Because the pleading filed by petitioner does not substantially comply with the requirements outlined in Rule 2, petitioner will be granted additional time to show cause why his pleading should not be dismissed. <u>See</u> Rule 2(e) (court may direct the return of non-conforming petition).

(ii)     <u>Habeas Claims</u>

Federal courts have jurisdiction over habeas petitions brought by aliens facing deportation to the extent those petitions are based on colorable claims that petitioner's statutory or constitutional rights have been violated. <u>See</u> <u>Carranza v. INS</u>, 277 F.3d 65, 71 (1st Cir. 2002); <u>see also</u> <u>INS v. St. Cyr</u>, 533 U.S. 289, 314 (2001).

To the extent that petitioner is attempting to state a claim about the length of his detention and seeks an order of release, he does not allege the basis for his detention and how long he has been detained.

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,

the Government must respond with evidence sufficient to rebut that showing.  Id. at 701.  If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances."  Id. at 699-700.

Here, petitioner does not allege that he has been detained longer than six months.  Because his order of removal became final on March 29, 2004, it appears any claim under Zadvydas would arise on or after September 29, 2004.

(iii) Appeals

To the extent petitioner brings this action pursuant to 8 U.S.C. § 1252(b), this Court does not have jurisdiction to entertain such a claim under Section 1252.  Section 1252(b)(2) provides for the filing of a petition for review with a court of appeals of a final order of removal issued by the Board of Immigration Appeals.  Here, petitioner does not appear to have filed an appeal with the Board of Immigration Appeals.  In fact, he does not appear to have filed an appeal to the Board of Immigration Appeals from the decision of the immigration judge.  This Court lacks jurisdiction to directly review questions of law or fact relating to petitioner's removal

proceedings.  See 8 U.S.C. 1252(b)(9); <u>Sousa v. Reno</u>, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) (court of appeals has exclusive jurisdiction to review removal proceedings under Section 1252(b)(9)).

    (iv) <u>Voluntary Departure</u>

To the extent petitioner seeks voluntary departure pursuant to 8 U.S.C. § 1254(e)(1), the Court notes that this statue was repealed on September 30, 1996.  <u>See</u> 8 U.S.C. § 1254(e)(1)(1996).  Provisions governing voluntary departure are now codified at 8 U.S.C. § 1229c. <u>See</u> 8 U.S.C. § 1229c(b)(1)(B)(1997).  Section 2229c expressly delegates the authority to enter an order granting voluntary departure to Immigration Judges, subject to the discretion of the Attorney General).  Accordingly, this Court does not have jurisdiction to grant petitioner voluntary departure.

<u>CONCLUSION</u>

Based upon the foregoing, petitioner is advised that this action is subject to dismissal pursuant to Rule 4 of the Rules Governing Habeas Petitions.  If petitioner wishes to proceed with this action, he shall, within 42 days of the date of this order, (1) show good cause, in writing, why this action should not be dismissed; and (2) pay the $5 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit.

The Clerk of Court shall send petitioner (1) an Application to Proceed Without Prepayment of Fees and Affidavit and (2) a copy of "Step By Step: A Simple Guide to Filing a Civil Action."

SO ORDERED.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>May</u>, 2004

                                             <u>/s/ William G. Young</u>
                                             UNITED STATES DISTRICT JUDGE