UNITED STATES DISTRICT
COURT DISTRICT OF MASSACHUSETTS

Enrico Dorlus
            Petitioner
        V

FILED
IN CLERKS OFFICE

2004 JUN -1 P 2:29

Joseph F McDonough and Steven J Farquharson
            respondents

U.S. DISTRICT COURT
DISTRICT OF MASS.

CRIMINAL
NO. 04-10970-MEL

ON May 14   2004, petitioner Enrico Dorlus
an immigration   detainee currently confined at
Plymouth County Correctional facility filed a writ
of Habeas Corpus under 28 U.S.C § 2241 and also
filed an affidavit of indengency
                - accordingly -
(1) The Clerk shall correct the case caption to reflect
that the only respondent to this action is the
Sheriff of Plymouth County (Joseph McDonough)
a writ of Habeas Corpus must be directed to the
person having custody of the person detained
  28 U.S.C § 2243, Petitioners legal custodian
is the Sheriff of Plymouth County the individual
having day today control over the facility in which
petitioner is being detained. Vasquez v Reno,
233 f. 3d 688,694 (1st Cir 2000) cert denied
sub nom Vasquez v Ashcroft, 122 S.ct. 43 (2001)
      Mass Gen Laws ch 126 § 16 (Sheriff
shall have custody and control of the jails in his
County... and shall be responsible for them);

(2) The Clerk of this Court shall serve a copy of
the petition, by certified mail, upon (i) Sheriff
  Joseph F McDonough, Plymouth County Correctional
facility, 26 long pond Road Plymouth Ma 02360
(ii) the United States Attorney (iii) Frank Crowley

-1-

# Petitioners Supplemental Affidavit

Enrico Dorlus
petitioner

Case No: 04-10970-Mel

On May 14, 2004, this petitioner, an immigration detainee. Detained at the Plymouth County Correctional facility, attempted to file proise a writ of Habeas Corpus for the purpose of voluntary Departure.

Petitioner in an effort to state under 8.U.S.C. §§ 1252(b) and 1254(e) his need for medical attention, is not being fullfilled. Where as Plymouth County Correctional facility refuses to allow this petitioner to seek proper medical needs, and is causeing great pain, due to his status.
      Petitioner request that the courts order this petitioners removal, or allowe petitioner to seek proper medical assistance.
      Under Kamara v Farquharson. 2.f. Supp. 2d 81, 89. (D.Mass 1998)


      Petitioner will also attempt to file Cival action in his effort to recieve medical assistance, in District Court
            Respectfully Submitted

Department of Homeland Security, Special
Assistant United States Attorney, P.O. Box 8728,
J.F.K. Station Boston Mass 02114 AND

   (3) the respondant shall within (28) days of
this receipt of this Order, file an answer or other
responsive pleading AND

   (4) the respondent shall provide the court
at least 48 hours advance notice of any scheduled
deportation or removal of petitioner

Submitted by defendant

Date: 5-24-04

MAY 24

FILED
IN CLERKS OFFICE

2004 JUN -1 P 2:29

U.S. DISTRICT COURT
DISTRICT OF MASS

-2-