```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


ENRICO DORLUS,                    )
          Petitioner,             )
                                  )
     v.                           )  C.A. No.  04-10970-MEL
                                  )
INS,                              )
          Respondent.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed without prejudice.

BACKGROUND

On May 14, 2004, petitioner Enrico Dorlus, an immigration detainee now detained at the Plymouth County Correctional Facility, filed a one-page pleading entitled "Defendant's Request for Voluntary Departure" accompanied by an Affidavit of Indigency.  See Docket.

At that time, a Clerk of this Court contacted the Department of Homeland Security to confirm petitioner's custody status and was informed that (1) petitioner is detained at the Plymouth County Correctional Facility; (2) petitioner is a native and citizen of Haiti; and (3) an Immigration Judge in Boston ordered petitioner's removal on March 29, 2004.

By Memorandum and Order dated May 17, 2004, petitioner was granted additional time (1) to either pay the $5.00 filing

fee or file an Application to proceed Without Prepayment of Fees; and (2) show good cause why this action should not be dismissed pursuant to Rule 4 of the Rules Governing Habeas Petitions.  <u>See</u> Docket No. 3.

The May 17th Memorandum and Order explained, among other things, that (1) if petitioner seeks to assert a civil rights claim concerning his medical care while detained at the Plymouth County Correctional Facility, such a claim may be brought in a civil rights complaint, but not through a habeas action; (2) petitioner must either pay the $5.00 filing fee or file an Application to Proceed Without Prepayment of Fees; (3) 8 U.S.C. § 1229c(b)(1)(B) expressly delegates the authority to enter an order granting voluntary departure to Immigration Judges, subject to the discretion of the Attorney General; and (4) the petition fails to allege the basis for and length of petitioner's detention.

On June 1, 2004, petitioner filed a three-page response to this Court's May 17th Memorandum and Order.  <u>See</u> Docket No. 4 (Petitioner's Response).

## DISCUSSION

As an initial matter, the Court notes that petitioner failed to pay the filing fee or file an Application to Proceed Without Prepayment of Fees as required by this Court's May 17th

Memorandum and Order. See Docket. Thus, this action is subject to dismissal without prejudice for failure to pay the filing fee.

Moreover, Petitioner's Response fails to demonstrate any reason why this habeas action should not be dismissed. The first page of Petitioner's Response is in the form of a draft order directing the clerk to correct the case caption and serve the petition on respondent. See Docket No. 4. The second page of Petitioner's Response (1) repeats the allegations contained in his original pleading that he seeks release so that he may seek medical care outside of the Plymouth County Correctional Facility and (2) states that petitioner will attempt to file a civil action concerning his effort to receive medical assistance. Id. In addition to containing petitioner's signature, the third and final page of Petitioner's Response is in the form of a draft order directing the respondent to answer the pleading and provide the court with advance notice of any scheduled deportation or removal of petitioner.

Petitioner has failed to demonstrate any reason why this habeas action should not be dismissed for the reasons stated in this Court's May 17th Memorandum and Order.

ORDER

3

In accordance with this Court's Memorandum and Order dated May 17, 2004, and the petitioner (1) not having paid the filing fee or filed an Application to Proceed Without Prepayment of Fees; and (2) not having shown good cause why this case should not be dismissed pursuant to Rule 4 of the Rules Governing Habeas Petitions, it is ORDERED that the within action be and it is hereby dismissed without prejudice. SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of June, 2004.

    /s/ Morris E. Lasker
MORRIS E. LASKER
SENIOR UNITED STATES DISTRICT JUDGE